**FILED**

**JUN 14 2005**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| FARREL G. RUTAN, JR., | CIV. 05-4070 |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION UPON SCREENING |
| STATE OF SOUTH DAKOTA; ROBERT DOOLEY; LISA McFLETCHER; DIANA ROMKEMA; | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff was an inmate at the Mike Durfee Prison in Springfield, S.D. He brings this action pursuant to 42 U.S.C. §1983 claiming he has been physically and emotionally abused by another inmate (Doc. 1) He does not allege the constitutional provision which he claims has been violated. By inference, an Eighth Amendment claim of cruel and unusual punishment is involved. He claims compensatory and punitive damages - for negligence against defendant Dooley, and for deliberate indifference against defendants Romkema and McFletcher. He claims the State of South Dakota is liable under the theory of respondeat superior. He was granted in forma pauperis status (Doc. 5). His complaint has been screened under 28 U.S.C. § 1915.

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff's complaint should be dismissed without prejudice for failure to state a cause of action against defendants Romkema, McFletcher, and the State of South Dakota. The complaint against the defendant Dooley which alleges a state law negligence claim should be dismissed for lack of jurisdiction.

## BACKGROUND

Plaintiff has sued Robert Dooley, the warden at Mike Durfee State Prison, Lisa McFletcher and Diane Romkema who are employees at the Mike Durfee State Prison. He has also sued the State of South Dakota. The individual defendants are sued in their individual and official capacities. The State is sued on the theory that it owes damages for the acts of its employees under the doctrine of respondeat superior.

In May of 2002, plaintiff was told he would be eligible for parole in three months if he remained "write-up free." [He was paroled in August, 2002, but his parole was revoked on May 25, 2003. (Doc. 7, 05-4011) He has appealed this decision, but Judge Battey denied his right to appeal in forma pauperis because the appeal was not taken in good faith. (Doc. 14, 05-4011)]. His cell mate Chris Frisbee took advantage of the fact that plaintiff would do anything to remain "write-up free." Frisbee beat plaintiff, locked him in a closet, punched him in the head, choked him to unconsciousness, and otherwise emotionally and physically abused plaintiff. (Plaintiff does not allege when these incidents took place, but it appears they took place before he was paroled in August 2002). Unfortunately, the defendants did not know these details because plaintiff refused to tell them. After other inmates reported these details Frisbee was placed in segregation and plaintiff was moved to a different cell.

Plaintiff requested a change from a six man cell to a three man cell. Plaintiff talked to defendant Romkema four times about a cell change and to defendant McFletcher twice. He told them he was in danger of severe bodily injury. They instructed him he needed to give details or request protective custody. He refused to do either. His requests for the cell change were denied.

## DISCUSSION

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995).

A prison official's deliberate indifference to a substantial risk of serious harm violates the Eighth Amendment. Farmer v. Brennan, 511, U.S. 825, 828, 114. S.Ct. 1970 (1994). It is not every injury which translates into constitutional liability for prison officials. Id. at 834. First, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. Id. Second, only unnecessary and wanton infliction of pain implicates the Eighth Amendment. Id. "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" Id. This state of mind is described as deliberate indifference to inmate health or safety. Id. The standard is ". . . that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

The Eighth Circuit of Appeals has approved a jury instruction which provides:

a. the particular defendant was aware of facts from which a conclusion [inference] could be drawn that there was a substantial risk that [cell mate] would assault [plaintiff] if the cell assignment was not changed; and

b. the particular defendant actually drew the conclusion [inference] that there was a substantial risk that [cell mate] would assault [plaintiff] if the cell assignment was not changed.

Williams v. Nebraska State Penitentiary, 57 F.3d 667, 669 (8th Cir. 1995). The plaintiff must show both a substantial risk of serious harm and that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also

3

draw the inference." Webb v. Lawrence County, 144 F.3d 1131, 1135 (8th Cir. 1998). (underlining added for emphasis).

In this case neither defendant Romkema nor McFletcher were told the <u>facts</u> from which either could draw the inference that a substantial risk of serious harm existed. Beyond that, neither of them is alleged to have <u>actually</u> drawn the inference that a substantial risk of serious harm existed. So, even if plaintiff's own general complaint about his fear for his physical safety was enough to make either of them aware of facts from they could have drawn the inference that plaintiff was at substantial risk of serious harm, plaintiff's allegations fall short of alleging either Romkema or McFletcher actually drew that inference. Without their having actually drawn the inference, as a matter of law they could not possess a "sufficiently culpable state of mind," i.e. they were not deliberately indifferent. Giving plaintiff the benefit of the doubt for not telling them the underlying facts from which they could draw the inference that there existed a substantial risk of serious harm, when he refused their offer of protective custody they were justified to infer that plaintiff himself did not believe there was a substantial risk of serious harm. If the risk of harm was not significant enough to persuade plaintiff himself to either tell them the facts or to request protective custody, then defendants Romkema and McFletcher cannot be faulted for not drawing the inference themselves that plaintiff was at risk for harm. Plaintiff's complaint against defendants Romkema and McFletcher alleging deliberate indifference (a constitutional claim) as a matter of law fails to state a claim upon which relief can be granted and it should be dismissed without prejudice.

While dismissal of the complaint against defendants Romkema and McFletcher compels the conclusion respondeat superior does not apply, there are two even more fundamental reasons why the doctrine does not apply as plaintiff has alleged. First, respondeat superior or vicarious liability will not attach under § 1983. Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 778 (8th Cir. 2001).

4

Second, § 1983 claims may only be brought against "persons" who, under color of state law, subject others to the deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States. A state and its agencies sued for monetary relief are not "persons" for purposes of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 & 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Also, unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued directly in its own name regardless of the relief sought. Kentucky v. Graham, 473 U.S. 159, 166, 167 n.14, 105 S.Ct. 3099, 3106 n. 14, 97 L.Ed.2d 114 (1985). The State of South Dakota is not a proper party to a § 1983 action. The complaint against the State of South Dakota should be dismissed because as a matter of law it fails to state a claim upon which relief can be granted.

The claim against defendant Dooley is for negligence, a tort action. The alleged tort action for negligence is a state law claim because it is based on the statutory and common law of South Dakota. No federal question is involved, i.e. a negligence action and a 42 U.S.C. §1983 claim are two different animals. Because there is no federal question involved and because there is no diversity of citizenship, there is no jurisdiction in federal court for the negligence claim. Because the § 1983 claim should be dismissed, the federal court should not retain jurisdiction over the state law claim against defendant Dooley either. The complaint against warden Dooley for negligence should be dismissed because there is no federal jurisdiction.

## CONCLUSION

Plaintiff's complaint against defendants Romkema and McFletcher fails as a matter of law to state a claim upon which relief can be granted for deliberate indifference to plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment. Plaintiff's complaint against the State of South Dakota fails as a matter of law to state a claim upon which relief can be granted

5

because the state cannot be sued and respondeat superior does not apply in § 1983 cases. The complaint against defendant Dooley is a negligence claim based on South Dakota statutory and common law for which there is no original jurisdiction, and pendent jurisdiction should not be retained after dismissal of the federal question claims.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 14th day of June, 2005.

BY THE COURT:

/s/ John Simko
John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: Sharon Suro , Deputy

(SEAL)

6